## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

ROBERT ZITO, Derivatively on Behalf of
Nominal Defendant ROBINHOOD
MARKETS, INC.,

      Plaintiff,

v.

VLADIMIR TENEV, BAIJU BHATT, JAN
HAMMER, PAULA LOOP, JONATHAN
RUBENSTEIN, SCOTT SANDELL, AND
ROBERT ZOELLICK,

      Defendants,

      And,

ROBINHOOD MARKETS, INC.,

      Nominal Defendant.

Case No.: 1:22-cv-00081-CFC

**JOINT STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION**

Plaintiff Robert Zito ("Plaintiff"), derivatively on behalf of Robinhood Markets, Inc.
("Robinhood" or "the Company"), and Vladimir Tenev, Baiju Bhatt, Jan Hammer, Paula Loop,
Jonathan Rubinstein, Scott Sandell, and Robert Zoellick, ("Individual Defendants") and with
Robinhood Markets, Inc., Nominal Defendant, (collectively "Defendants") and together with
Plaintiff (collectively, the "Parties") jointly submit this Stipulation to temporarily Stay the
Derivative Action ("Stipulation"), and in support thereof state as follows:

WHEREAS, Plaintiff Zito filed an action captioned *Zito v. Tenev, et al.*, Civil Action No.
1:22-cv-00081-CFC (D. Del.) purportedly in the right, and for the benefit of Robinhood against
all Individual Defendants seeking to remedy Individual Defendants' alleged breach of fiduciary

duties, abuse of control, waste of corporate assets and against Defendant Tenev for violations of Section 10(b) and 21D of the Securities Exchange Act of 1934 ("Exchange Act"), that it is alleged caused substantial harm to Robinhood (the "Derivative Litigation");

WHEREAS, pending in the United States District Court for the Northern District of California is a putative securities class action captioned *Golubowski v. Robinhood Markets, Inc.*, Civil Action No.: 3:21-cv-09767-EMC (the "Securities Litigation");

WHEREAS, there is an overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation, including the relevance of many of the same documents and witnesses;

WHEREAS, Robinhood, Tenev, Bhatt, Hammer, Loop, Sandell, and Zoellick, named defendants in the Derivative Litigation, are also named as defendants in the Securities Litigation (the "Securities Litigation Defendants");

WHEREAS, the Securities Litigation Defendants anticipate filing a motion to dismiss in the Securities Litigation for failure to state a claim;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, until the court in the Securities Litigation decides the anticipated motion to dismiss to be filed by the Securities Litigation Defendants, the Securities Litigation will be stayed;

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in light of the stay of proceedings which the Parties anticipate will commence by operation of law following the filing of a motion to dismiss

2

in the Securities Litigation, that the Derivative Litigation should be voluntarily stayed on the terms set forth below unless and until either (1) the Securities Litigation is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities Litigation is denied, and the PSLRA stay dissolves as a matter of law; or (3) either of the Parties to this Stipulation gives ten (10) days' notice that they no longer consent to the voluntary stay of the Derivative Litigation.

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1.      The Derivative Litigation shall be stayed upon the Court's endorsement of this Stipulation as an Order of the Court.

2.      Defendants shall promptly notify Plaintiff upon becoming aware of any related derivative actions or threatened derivative actions, including, but not limited to, Section 220 demands or litigation demands.

3.      The Parties agree that if the plaintiff in any related derivative action refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendants via email.

4.      The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or settlement talks with the plaintiff in the Securities Litigation, and shall make a good faith effort to include Plaintiff in any mediation or settlement talks with the plaintiffs in the Securities Litigation. In the event that Defendants' good faith efforts do not result in including Plaintiff in the mediation with the plaintiff in the Securities Litigation, then Defendants agree to mediate with Plaintiff in the Derivative Litigation at or about the same time. The Parties further agree that Defendants shall inform Plaintiff promptly

3

upon the scheduling of any mediation or settlement talks with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff herein, and shall seek in good faith to include Plaintiff in any such mediation or settlement talks.

5.      The Parties agree that notwithstanding the stay of this Derivative Litigation, Plaintiff may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

6.      In the event that Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in the Securities Litigation or in any related derivative litigation, or pursuant to any shareholder demand for an inspection of books and records on behalf of Robinhood, then copies of such documents shall be provided to Counsel for Plaintiffs within ten (10) days of such production, subject to the execution by Plaintiff of a reasonable confidentiality agreement governing the use and disclosure of these materials.

7.      Upon occurrence of any of (1) the dismissal of the Securities Litigation, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Litigation in whole or in part; or (3) either of the Parties to this Stipulation has given ten (10) days' notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above.  In the event of either (2) or (3), the parties shall meet and confer regarding further proceedings in this Derivative Action.

8.      In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into

4

this stipulation.

9.      The parties to this Derivative Action are not waiving any rights, claims, or defenses

of any kind, and no part of this stipulation shall be construed as a waiver of any rights, claims, or

defenses.

DATED: March 11, 2022

**BIELLI & KLAUDER, LLC**

*/s/ Ryan M. Ernst*
Ryan M. Ernst (No. 4788)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Email: rernst@bk-legal.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff*

**ROSS, ARONSTAM & MORITZ LLP**

*/s/ David E. Ross*
David E. Ross (No. 5228)
Benjamin Z. Grossberg (No. 5615)
1313 North Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 576-1600
E-Mail: Dross@ramllp.com
E-Mail: BGrossberg@ramllp.com

5

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1296
E-Mail: ARyan@cravath.com
E-Mail: KOrsini@cravath.com
E-Mail: BSukiennik@cravath.com

*Attorneys for Defendant*

IT IS SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Colm F. Connolly
United States District Court Judge

6